# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00046-CV

**Matthew Bialaszewski, Appellant**

**v.**

**Amanda Bialaszewski, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-FM-16-002811, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## O P I N I O N

Matthew Bialaszewski appeals the trial court's order granting Amanda Bialaszewski's petition for bill of review seeking to amend the amount of child-support arrearage awarded to Amanda[1] in a previous court order entered a year earlier. The trial court granted Amanda's petition, vacated in part the previous order, and ordered Matthew to pay a new, increased amount of arrearage. For the following reasons, we reverse the trial court's order and render judgment denying Amanda's petition for bill of review, leaving in place the previous order that was challenged by Amanda.

## BACKGROUND

The parties were divorced in 2003, and their divorce decree ordered Matthew to pay Amanda child support of $450 per month; payments were to be made through the Texas Child

---

[1] For clarity, we refer to the parties by their first names.

Support Disbursement Unit. About a year later, the Travis County Domestic Relations Office (DRO) filed a motion as a "friend of the court" to hold Matthew in contempt for failure to pay child support, specifying an amount of arrearage accrued since entry of the decree. The court rendered an order adjudging Matthew in contempt, sentencing him to 180 days in county jail, and suspending the sentence for two years while Matthew was placed on community supervision. The order also ordered Matthew to pay Amanda, through the Disbursement Unit, arrearages of $4,950.

Over the next decade, the court of continuing jurisdiction rendered several additional orders in this family case, some on the motion of the DRO to again hold Matthew in contempt or to revoke his community supervision. One of the orders—entered during Matthew's initial two-year period of community supervision—revoked his community supervision and committed him to county jail for 180 days in a work-release program. Each of the orders during this ten-plus-year period ordered Matthew to pay an amount of child-support arrearage, the arrearage amount in each order steadily increasing over the years. The latest order—rendered on June 9, 2015 and the subject of Amanda's petition for bill of review—ordered Matthew to pay $10,194.49 in arrearages and continued the hearing on the DRO's latest motion to revoke Matthew's community supervision until several months hence.[2]

About a year later, Amanda filed a petition for bill of review seeking to set aside and vacate in part the June 9, 2015 order, entitled "Associate Judge's Report Concerning Agreed Order – Motion to Revoke Community Supervision" (the Challenged Order). Amanda's petition

---

[2] The current status of this family case and the result of the continued hearing is not apparent from the record, but there is no dispute that Amanda did not appeal the June 9, 2015 order.

sought to set aside the arrearage finding in the Challenged Order because it was allegedly made in reliance on erroneous information provided by the DRO, which had been tracking Matthew's child-support payments over the years. Specifically, Amanda alleged that the DRO conducted an audit of its arrearage figures in May 2016 and found that the amount stated in the Challenged Order was incorrect; the correct figure, as of April 30, 2016, was allegedly $25,750.14. Her petition sought to set aside and vacate the Challenged Order, but only to the extent to remove the "incorrect" arrearage finding and to make a new finding that Matthew owed child-support arrearage of $25,750.14 as of April 30, 2016.

After a bench trial on Amanda's petition, at which both parties and an attorney with the DRO testified, the trial court rendered an order granting the petition; setting aside and vacating the Challenged Order, but only to the extent necessary to remove the finding that Matthew owed child support arrearage in the amount of $10,194.49; and finding that Matthew owed child support arrearage in the amount of $24,749.93 (including interest) as of April 30, 2016, subject to additional findings and orders to be made by the court. Matthew appeals the order granting Amanda's petition and the court's finding that he owes more than twice the amount of arrearage found in the Challenged Order.

## DISCUSSION

A bill of review is an independent, equitable proceeding seeking to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *See Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). To set aside a judgment by bill of review, the petitioner must prove: (1) a meritorious defense to the cause of action alleged to support

3

the judgment; (2) that the petitioner was prevented from making through trial and appeal by the fraud, accident, or wrongful act of the opponent; and (3) that the petitioner was not at fault or negligent. *Moore v. Brown*, 408 S.W.3d 423, 432 (Tex. App.—Austin 2013, pet. denied). In lieu of proving the second element—an opposing party's fraud, wrongful act, or accident—a bill of review petitioner can support her petition via the "official mistake" doctrine by proving that a court official or functionary has provided erroneous information, failed to provide information, or failed to perform required duties. *See Mowbray v. Avery*, 76 S.W.3d 663, 683–84 (Tex. App.—Corpus Christi 2002, pet. denied).

A petitioner must additionally demonstrate that she exercised due diligence to assert all adequate legal remedies before filing a bill of review, *see Mabon*, 369 S.W.3d at 813; *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998), and the petitioner is not entitled to a bill of review when she failed to invoke the right of appeal or some other legal remedy when it was available unless an adequate explanation is advanced for bypassing the legal remedy. *French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967); *Hesser v. Hesser*, 842 S.W.2d 759, 765 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

We review a trial court's order granting or denying a bill of review for abuse of discretion, indulging every presumption in favor of the trial court's ruling. *Moore*, 408 S.W.3d at 432. A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). When the inquiry before us on review concerns a question of law, however, such as whether the bill-of-review plaintiff presented prima facie proof of a meritorious defense, we review the trial

court's decision de novo. *Jones v. Texas Dep't of Protective & Regulatory Servs.*, 85 S.W.3d 483, 490 (Tex. App.—Austin 2002, pet. denied). A trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). Because it is fundamentally important that finality be accorded to judgments, bills of review "'are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted.'" *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950) (quoting *Harding v. W.L. Pearson & Co.*, 48 S.W.2d 964, 965–66 (Tex. Comm'n App. 1932, holding approved)).

Matthew raises four issues[3] on appeal, alleging that: (1) the trial court's failure to issue findings of fact and conclusions of law pursuant to his request constituted harmful error; (2) there is legally insufficient evidence to support the trial court's judgment granting Amanda's petition; (3) the trial court abused its discretion in implicitly concluding that the attorney representing the DRO is a "court functionary" for purposes of the official-mistake doctrine; and (4) the trial court erred by determining that the entire history of child-support arrearages may be recalculated, in contravention of applicable statutes of limitation.

We first address Matthew's third issue, in which he contends that the trial court erred in determining that the official-mistake doctrine applies to the facts here. This doctrine provides a narrowly construed exception to the second element that a petitioner for bill of review must prove. *See Mowbray*, 76 S.W.3d at 683. Rather than alleging that Matthew was guilty of fraud or any other

---

[3] Matthew's brief raises five issues but analyzes two of them together because they are interrelated (the two issues contend that legally insufficient evidence supports the trial court's judgment). Accordingly, we treat his brief as raising four issues.

wrongful act preventing her from pursuing a meritorious claim or defense, Amanda supported the second element of her petition for bill of review by alleging that the DRO made a mistake in calculating arrearages due at the time the Challenged Order was rendered, which argument was supported by testimony of the DRO attorney, who testified that, upon a later audit, significant errors were found in the DRO's previous calculations. Amanda testified that she herself did not maintain any records tracking Matthew's payments and arrearages and instead relied upon the DRO's calculations. Matthew argues that the official-mistake doctrine applies only to the mistakes or wrongful acts of official court functionaries, such as court clerks, and employees of the DRO are not included within that category. We agree with Matthew.

The opinion in *Mowbray v. Avery* analyzes in detail the emergence of the official-mistake doctrine, explaining that the cases recognizing the doctrine have "narrowly imposed [it] within the very specific context of a failure by a court or its functionary in the discharge of official duties which prevented the petitioner from exercising his right to challenge a judgment by post-judgment actions or appeal or prevented the petitioner from presenting his contentions in the former action rather than for some general misconduct or wrongdoing of court functionaries." *Id.*; *see McRoberts v. Ryals*, 863 S.W.2d 450, 455 (Tex. 1993) (party deprived of right to appeal by reliance on improper advice of appellate court clerk); *Baker v. Goldsmith*, 582 S.W.2d 404, 407 (Tex. 1979) (defendant denied right to present contentions when default judgment entered due to misplacement of his answer by courthouse mail room employee); *Petro-Chemical Transp., Inc. v. Carroll*, 514 S.W.2d 240, 244–45 (Tex. 1974) (holding that failure of court clerk to send notice of signing of judgment is equivalent to "official mistake" because it deprived defendant of opportunity to file motion for new trial); *see also Hanks v. Rosser*, 378 S.W.2d 31, 35 (Tex. 1964) (holding that where

6

party is prevented from timely filing motion for new trial due to misinformation from court official, bill of review remedy was available); *Vogel v. Vogel*, 405 S.W.2d 87, 90 (Tex. App.—San Antonio 1966, no writ) (holding that court clerk personnel's inadvertent misplacing of defendant's answer was sufficient to meet second requirement for bill of review). "Essentially, 'official mistake' in the context of a bill of review refers to either erroneous information given by the court or an official court functionary or a mistake or error of the same in the discharge of required official duties." *Mowbray*, 76 S.W.3d at 684.

While recognizing that there has been some variation in the language of appellate courts in reference to the official-mistake doctrine, the *Mowbray* court observed: "Common to all of these descriptions when examined in the context of the bill of review cases in which they appeared is that the official was always under the direct supervision of the court that rendered the judgment or charged with duties that were directly imposed by that court (or by way of appropriate statutes or regulations) for the proper administration of that court's functions and, in those matters, acting on the court's behalf." *Id.* at 686. In light of the "narrowness" of the official-mistake doctrine, the *Mowbray* court held that district attorneys are not "court officials" for purposes of a bill of review because they are "not under the direct control of the courts." *Id.* at 687.

There is no evidence in the record that the DRO—a statutorily created office of Travis County—is under the direct control or supervision of the district courts or is acting on the district courts' behalf, despite Amanda's contention that the DRO and its employees are akin to court functionaries because the DRO is administered by the Travis County Juvenile Board, on which the Travis County district court judges sit. *See* Tex. Fam. Code §§ 203.001 (defining DRO as "a

7

county office that serves families, county departments, and courts to ensure effective implementation of this title"), .003 (providing that DRO shall be administered either as provided by commissioners court or by juvenile board that serves county where DRO is located); Tex. Hum. Res. Code §§ 152.2331(stating that Travis County Juvenile Board is "composed of the county judge and the district judges in Travis County"), .2332 (stating that Travis County Juvenile Board "may designate the chief probation officer to collect and disburse child and spousal support payments"), 201.001(6) (defining "juvenile board" as body established by law to provide juvenile probation services to county). Based on the facts in the record, the applicable statutes applying to DROs, and the evolution and narrowness of the official-mistake doctrine, as traced in detail in the *Mowbray* opinion, we refuse to extend the doctrine's coverage to the DRO and its employees. We conclude that the DRO and its employees are not "official court functionaries" for the purposes of application of the official-mistake doctrine.

Amanda's petition made no allegation of fraud or accident on the part of Matthew preventing her from making a meritorious claim about the outstanding arrearage amount—the usual method by which a petitioner proves the second element of a bill of review, *see Moore*, 408 S.W.3d at 432, and there is no evidence in the record that would support such a claim. Rather, Amanda relied solely on the alleged mistake of the DRO to prove the second requirement under the official-mistake doctrine, which we have determined is not applicable in these circumstances. Accordingly, the trial court erred in granting Amanda's petition and vacating in part the Challenged Order. We need not reach Matthew's remaining issues because of our determination with respect to the official-mistake doctrine. *See* Tex. R. App. P. 47.1.

8

## CONCLUSION

Because the trial court erred in granting Amanda's petition for bill of review, vacating in part the Challenged Order, and finding that Matthew owed $24,749.93 in child support as of April 30, 2016, we reverse its order and arrearage finding and render judgment denying Amanda's petition for bill of review. The Challenged Order remains in full force and effect.

            _____

             David Puryear, Justice

Before Justices Puryear, Pemberton, and Goodwin

Reversed and Rendered

Filed: August 3, 2017

9