# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00363-CV

**Appellants, Dr. Lawrence Broder, M.D., and Round Rock Medical Aesthetics & Urgent Care PLLC d/b/a Beleza Medspa// Cross-Appellants, Nexstar Media Inc., f/k/a Nexstar Broadcast Group, Inc., Bexstar Media Inc. d/b/a KXAN-TV, and Jody Barr**

**v.**

**Appellees, Nexstar Media Inc., f/k/a Nexstar Broadcast Group, Inc., Bexstar Media Inc. d/b/a KXAN-TV, and Jody Barr// Cross-Appellees, Dr. Lawrence Broder, M.D., and Round Rock Medical Aesthetics & Urgent Care PLLC d/b/a Beleza Medspa**

---

### FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-007101, THE HONORABLE WILLIAM C. KIRKENDALL, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

After the original defamation lawsuit brought by Appellants/Cross-Appellees Dr. Lawrence Broder, M.D. and Round Rock Medical Aesthetics & Urgent Care PLLC d/b/a Beleza Medspa (collectively, "Broder") against Appellees/Cross-Appellants Nexstar Media Inc. f/k/a Nexstar Broadcast Group, Inc.; Bexstar Media Inc. d/b/a KXAN-TV; and Jody Barr (collectively, "Nexstar") was dismissed pursuant to the Texas Citizens Participation Act (TCPA) and that dismissal affirmed by this Court, Broder filed an original petition for an equitable bill of review. Broder sought for the judgment in the defamation suit to be set aside, asserting that the trial-court judge in the original suit failed to disclose her former representation of an attorney representing Nexstar in that attorney's unrelated divorce proceeding prior to the judge joining the bench. Nexstar moved to dismiss the equitable bill of review pursuant to both Rule 91a of the

Texas Rules of Civil Procedure and the TCPA. *See* Tex. R. Civ. P. 91a.1 (authorizing motions to dismiss on grounds that cause of action "has no basis in law or fact"); Tex. Civ. Prac. & Rem. Code § 27.003 (authorizing motions to dismiss when legal action based on or in response to party's exercise of constitutional rights). The trial court ultimately denied both the Rule 91a and TCPA motions but then also separately denied Broder's petition for an equitable bill of review.

For the following reasons, we affirm the trial court's dismissal of Broder's equitable bill of review and its denial of Nexstar's TCPA motion. We reverse the trial court's denial of Nexstar's Rule 91a Motion and remand for further proceedings consistent with this opinion.

## BACKGROUND

On February 12, 2019, Broder filed a defamation lawsuit against Nexstar, alleging that the Nexstar parties published certain defamatory and disparaging reporting on Broder and his medical practice.[1] Laura Lee Prather represented Nexstar in that original lawsuit and the subsequent appeal. Nexstar moved to dismiss the original lawsuit under the TCPA. Because Travis County operates under a central docket system, district-court judge Catherine Mauzy heard that motion. Judge Mauzy thereafter granted some of Nexstar's objections, signed an order granting the TCPA dismissal, and awarded attorney's fees and sanctions, along with contingent attorney's fees in the event of appeal. Judge Mauzy later granted a limited new trial upon Broder's motion and, after conducting a hearing, reduced the fee award and amount of sanctions. Broder appealed, and on June 4, 2021, this Court issued an opinion affirming the judgment of the trial court in the

---

[1] The factual background is drawn from Broder's petition and evidence relevant to the different issues before this Court on appeal. *See, e.g.*, Tex. Civ. Prac. & Rem. Code § 27.006(a) (considering pleadings, evidence, and affidavits for determining TCPA motion); *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding) (deciding Rule 91a motions based on pleadings and qualifying exhibits).

2

original appeal. *See Broder v. Nexstar*, No. 03-19-00484-CV, 2021 WL 2273470, at \*18 (Tex. App.—Austin June 4, 2021, no pet.) (mem. op.). Our mandate issued on October 7, 2021, and Broder did not seek further review by the Texas Supreme Court.

In the summer of 2020 (i.e., after the appeal had commenced but before any final ruling by this Court), Broder learned that Judge Mauzy, prior to joining the bench, had represented Ms. Prather in her divorce and custody dispute. That divorce proceeding had docket entries spanning fourteen years, and Broder alleges that Judge Mauzy represented Prather throughout that time period up to and until Judge Mauzy was elected in 2018 and joined the bench in January 2019.

On December 7, 2021 (i.e., approximately six months after this Court affirmed the judgment on appeal), Broder filed his petition for an equitable bill of review, alleging that Judge Mauzy failed to disclose the existence, nature, or length of her relationship with Prather and that he would have sought recusal of Judge Mauzy if he was aware of that prior relationship. Broder alleged that "common sense strongly suggests" a close bond developed between Judge Mauzy and Ms. Prather because of the personal and private information shared over the course of the divorce and custody proceeding. Broder further alleged that the failure to disclose that relationship constituted attorney and judicial misconduct that destroyed the integrity of the original defamation lawsuit and deprived Broder of his due-process rights.

Nexstar filed a plea to the jurisdiction and moved to dismiss the equitable bill of review under the TCPA and Rule 91a of the Texas Rules of Civil Procedure. On March 8, 2022, Judge Livingston conducted a hearing on Nexstar's plea to the jurisdiction, orally denying it as moot, and after hearing arguments on the Rule 91a motion to dismiss, took the matter under advisement. Judge Livingston subsequently recused herself, and retired Judge W.C. Kirkendall was appointed to hear the case.

At a non-evidentiary hearing on April 21, Judge Kirkendall heard both the TCPA and Rule 91a motions to dismiss. On April 26, the trial court signed an order sustaining several objections, denied both motions, and separately denied Broder's petition for equitable bill of review. The trial court also entered findings of fact and conclusions of law on the equitable bill of review. On May 20, 2022, the trial court entered its final judgment, which denied the equitable bill of review, the Rule 91a and TCPA motions; denied Broder's request for sanctions and attorney's fees; and expressly denied any other relief requested by the parties. Broder then timely filed its notice of appeal, challenging the denial of his equitable bill of review. Nexstar filed its cross-notice of appeal, challenging the denial of its Rule 91a motion and TCPA motion.

## EQUITABLE BILL OF REVIEW

Because the disposition of Broder's equitable bill of review controls our analysis of the issues raised by Nexstar on cross-appeal, we begin by considering Broder's challenge of the trial court's denial of his equitable bill of review.

"A bill of review is an equitable proceeding to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to a motion for new trial." *Martin-de-Nicolas v. Jones*, No. 03-18-00778-CV, 2020 WL 1966311, at *2 (Tex. App.—Austin Apr. 24, 2020, pet. denied) (mem. op.) (quoting *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)); *see also* Tex. R. Civ. P. 329b(f) ("On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause . . . ."). That is, "[a] bill of review is brought as a direct attack on a judgment that is no longer appealable or subject to a motion for new trial." *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015) (quoting *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010)).

Because bills of review conflict with the fundamental policy that judgments must have some finality, a petitioner generally has the heavy burden of proving three elements to obtain relief through an equitable bill of review: "(1) a meritorious claim or defense to the judgment, (2) which the petitioner was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with any fault or negligence on the petitioner's own part." *Valdez*, 465 S.W.3d at 226; *see also Martin-de-Nicolas*, 2020 WL 1966311, at *2; *Narvaez v. Maldonado*, 127 S.W.3d 313, 319 (Tex. App.—Austin 2004, no pet.).[2] "We review a trial court's order granting or denying a bill of review for abuse of discretion, indulging every presumption in favor of the trial court's ruling." *Bialaszewski v. Bialaszewski*, 557 S.W.3d 88, 91 (Tex. App.—Austin 2017, no pet.).

We begin our analysis by considering whether Broder has established a meritorious claim or defense to the judgment. *See Martin-de-Nicolas*, 2020 WL 1966311, at *3. In particular, "[a] bill of review petitioner must allege, with particularity, sworn facts sufficient to constitute a meritorious claim or defense in the original suit and, as a pretrial matter, present prima facie proof to support the contention." *Id.* Here, Broder sought to revive his defamation-related claims against Nexstar from his original suit, which were previously dismissed by the trial court under the TCPA. *See Broder*, 2021 WL 2273470, at *1. In 2021, we concluded that the trial court properly found that the TCPA applied to Broder's claims and that the trial court properly dismissed all of Broder's claims either because he failed to make a prima facie case or because Nexstar asserted truth as a

---

[2] "A petitioner must additionally demonstrate that [they] exercised due diligence to assert all adequate legal remedies before filing a bill of review, and the petitioner is not entitled to a bill of review when [they] failed to invoke the right of appeal or some other legal remedy when it was available unless an adequate explanation is advanced for bypassing the legal remedy." *Bialaszewski v. Bialaszewski*, 557 S.W.3d 88, 91 (Tex. App.—Austin 2017, no pet.) (citation omitted).

defense to such claims. *See id.* at \*13 (affirming dismissal of defamation and business-disparagement claims), \*14 (affirming dismissal of tortious-interference claims). Having already independently concluded that Broder's claims were barred by the TCPA in the previous appeal, Broder has failed to meet his burden to plead facts and provide prima facie proof of a meritorious claim or defense in the original suit in order to be entitled to an equitable bill of review. *Martin-de-Nicolas*, 2020 WL 1966311, at \*3.

Broder contends that his due-process rights were violated because he would have made different strategic decisions in the original defamation suit if either the district-court judge or opposing counsel had disclosed their prior professional relationship. But Broder does not explain how those decisions would have affected the outcome. Regardless of Broder's concerns regarding the district-court judge, this Court in the previous appeal "exercise[d] its own judgment and redetermine[d] each issue of fact and law" and provided "absolutely no deference" to the trial court when it considered de novo the dismissal of Broder's causes of action. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998); *see also Howell v. Texas Workers' Compensation Comm'n*, 143 S.W.3d 416, 431 (Tex. App.—Austin 2004, pet. denied) ("When conducting a *de novo* review, the appellate court exercises its own judgment and redetermines each legal issue, giving no deference to the trial court's decision."). To conclude otherwise would lead to the "vain" outcome of setting aside a prior judgment, independently confirmed by this Court, that would then be dismissed again. *See Martin-de-Nicolas*, 2020 WL 1966311, at \*3 ("It is a well[-]known legal maxim that courts of equity generally will not do a vain thing—a principle long recognized by Texas courts in the bill of review context." (quoting *McEwen v. Harrison*, 345 S.W.2d 706, 710 (Tex. 1961))).

6

Broder argues that the failure of the district-court judge and Nexstar's lawyer to disclose their prior professional relationship constituted the type of due-process violation that relieves him from having to establish a meritorious claim or defense. Courts have recognized that a narrow set of constitutional due-process violations "relieves the [petitioner] from the need to show a meritorious defense" or claim. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam); *see also Martin-de-Nicolas*, 2020 WL 1966311, at *4. But the Texas Supreme Court and this Court have recognized that such an exception exists only when the petitioner claims a due-process violation arising from the lack of service of process or notice of default judgment. *See Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (per curiam) (citing *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012)); *Martin-de-Nicolas*, 2020 WL 1966311, at *4.[3]

Broder points to a decision from our sister court, contending that the Dallas Court of Appeals has recognized a due-process cause of action for a trial judge's failure to disclose a relationship with opposing counsel in *Thomas v. 462 Thomas Family Props., LP*, 559 S.W.3d 634 (Tex. App.—Dallas 2018, pet. denied). The court expressly did not find at the preliminary stage of the case that Thomas had shown that a due-process violation had occurred. *Id.* at 642. More critically, the allegations in *Thomas* were more extreme and distinguishable from the issues raised

---

[3] Broder also alleges that Judge Mauzy was required to publicly disclose her former professional relationship with opposing counsel and contends that the facts here are sufficient to show "the judge's impartiality might reasonably be questioned," Tex. R. Civ. P. 18b(b)(1), but such arguments relate to whether Broder can demonstrate the second element of an equitable bill of review, *see Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015) (requiring showing of whether petitioner was prevented from making a meritorious claim or defense by official mistake or by opposing party's fraud, accident or wrongful act). Whether the district-court judge should have disclosed the previous relationship is irrelevant to the determination of whether Broder has demonstrated a meritorious claim or defense in the original suit. *See Martin-de-Nicolas*, 2020 WL 1966311, at *3.

in the present equitable bill of review. *Thomas* involved an ongoing, undisclosed romantic relationship between the judge and the attorney that continued during the original proceeding. *See id.* at 638; Appellant's Br. at 18, *Thomas*, No. 05-16-01151-CV, 2016 WL 7236917, at \*16. By contrast, this case includes factual allegations that the district-court judge had represented an attorney in her divorce prior to joining the bench. The *Thomas* court relied on precedent recognizing that due-process concerns may exist when "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Thomas*, 559 S.W.3d at 642 (quoting *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 877 (2009)). In contrast, Broder here does not raise the specter of actual bias but rather only that the district-court judge's "impartiality might reasonably be questioned." Tex. R. Civ. P. 18b(b)(1). Finally, the *Thomas* petitioner filed his equitable bill of review during the pending appeal, and the appeal of the original proceeding was abated pending resolution of the appeal of the equitable bill of review; thus, there was no independent determination by an appellate court of the merits of the underlying dispute prior to petitioner pursuing his equitable bill of review. *See Quick*, 7 S.W.3d at 116. We therefore decline to adopt any expansion of the due-process exception that may be read into the decision by the *Thomas* court. *See Frost Nat'l Bank*, 315 S.W.3d at 510 (declining to adopt other expansions that would "result squarely at odds with the policy" favoring finality of judgments).

Because this case involves neither "the lack of service nor a default judgment to which" such an exception has applied, *Martin-de-Nicolas*, 2020 WL 1966311, at \*4, Broder is not relieved of demonstrating a meritorious claim or defense. Broder failed to meet his burden to plead facts and provide prima facie proof of a meritorious claim in support of his equitable bill of review, *id.* at \*3, and therefore the trial court did not err in dismissing his equitable bill of review, *see Maree v. Zuniga*, 502 S.W.3d 359, 362 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("If

8

the trial court concludes that the bill-of-review petitioner has not presented prima facie proof of a meritorious [claim or] defense, then the trial court should dismiss the petition based on this failure.").[4] We overrule Broder's issue on appeal.

## RULE 91A DISMISSAL

Because the trial court correctly denied Broder's petition for an equitable bill of review, we must consider whether the trial court erred when it denied Nexstar's motion to dismiss pursuant to Rule 91a of the Texas Rules of Civil Procedure. *See, e.g.*, *Enriquez v. Crain*, No. 03-17-00363-CV, 2018 WL 3320986, at *3 (Tex. App.—Austin July 6, 2018, no pet.) (mem. op.) (affirming Rule 91a dismissal of bill of review). Nexstar moved for a 91a dismissal based on its argument that Broder could not demonstrate all the required elements for an equitable bill of review. "We review the merits of a Rule 91a motion de novo." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020). "[W]hether a defendant is entitled to dismissal under the facts alleged is a legal question." *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding).

---

[4] Broder contends that the trial court in the present proceeding also violated his rights to due process and a jury trial by "sua sponte" dismissing his equitable bill of review. But when considering an equitable bill of review, trial courts undertake a two-step process. *Maree v. Zuniga*, 502 S.W.3d 359, 362 (Tex. App.—Houston [14th Dist.] 2016, no pet*.); see also Baker v. Goldsmith*, 582 S.W.2d 404, 408–09 (Tex. 1979). "First, the trial court makes a determination, often based on a preliminary hearing, as to whether the bill-of-review petitioner has presented prima facie proof of the first bill-of-review element—a meritorious [claim or] defense to the underlying claim." *Maree*, 502 S.W.3d at 362. Only if the petitioner has presented prima facie proof may the trial court "proceed with discovery and trial regarding the merits of the bill-of-review petition." *Id.* The trial court therefore did not act "sua sponte" in making its preliminary determination on the equitable bill of review when that issue had been squarely presented to the court by the parties.

Rule 91a of the Texas Rules of Civil Procedure allows a party to "move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1. As explained under Rule 91a:

> A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

*Id.* The trial court "may award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court." *Id.* R. 91a.7.

"In ruling on a Rule 91a motion to dismiss, a court may not consider evidence but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.'" *In re Farmers*, 621 S.W.3d at 266 (citing Tex. R. Civ. P. 91a.6). As clarified by the Texas Supreme Court, "Rule 91a limits a court's factual inquiry to the plaintiff's pleadings but does not so limit the court's legal inquiry." *Bethel*, 595 S.W.3d at 656. As part of this inquiry, we construe the pleadings liberally in favor of the petitioner and accept as true the factual allegations, although we need not accept as true any legal conclusions. *See Stone v. Randolph-Brooks Fed. Credit Union*, No. 03-21-00422-CV, 2023 WL 2394297, at *2 (Tex. App.—Austin Mar. 8, 2023, pet. denied) (mem. op.).

As discussed above, Broder has failed to establish a meritorious claim or defense in his original suit, and therefore even construing the pleadings liberally in his favor, he has failed to show he is entitled to an equitable bill of review. *See Martin-de-Nicolas*, 2020 WL 1966311, at

10

*4; *see also* Tex. R. Civ. P. 91a.1. Broder continues to argue that he is relieved from showing a meritorious claim because of the *Thomas* decision, but as we explained above, we decline to expand the due-process exception that may be read into the decision by the *Thomas* court. *See Frost Nat'l Bank*, 315 S.W.3d at 510 (declining to adopt other expansions that would "result squarely at odds with the policy" favoring finality of judgments).

Broder also argues that the Rule 91a motion was properly denied because Nexstar's Rule 91a motion requires consideration of evidence not allowed under Rule 91a. *See* Tex. R. Civ. P. 91a.6. In particular, Broder argues that demonstrating he lacks a meritorious claim or defense requires the Court to take judicial notice of the previous decision by this Court, *Broder*, 2021 WL 2273470, at *18, and that judicial notice is a "matter of evidence" not appropriate for Rule 91a review, *see Reynolds v. Quantlab Trading Partners US, LP*, 608 S.W.3d 549, 557 (Tex. App.—Houston [14th Dist.] 2020, no pet.) ("A party may not rely on judicial notice in a Rule 91a proceeding because judicial notice is 'a matter of evidence.'" (quoting *Harper v. Killion*, 348 S.W.2d 521, 523 (Tex. 1961))); *see also Galindo v. Peterson*, No. 02-23-00268-CV, 2024 WL 1792377, at *6 (Tex. App.—Fort Worth Apr. 25, 2024, no pet. h.) (mem. op.); *Judicial Notice*, Black's Law Dictionary (11th ed. 2019) ("A court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact."). But even without judicial notice, however, Broder's own pleadings detail that his original suit was dismissed under the TCPA and that this Court affirmed that judgment on appeal.[5] *See Stone*, 2023 WL 2394297, at *2 (directing that factual allegations

---

[5] Broder complains that the trial court erred when it sustained objections to portions of Broder's third amended petition and attached exhibits that quoted portions of an Austin Chronicle article and an apparent transcript from an unrelated proceeding. Even assuming the trial court

11

be accepted as true). Accordingly, the lack of a meritorious claim or defense can be reasonably drawn from the allegations contained within Broder's own pleading. *See* Tex. R. Civ. P. 91a.1.

Taken together, Nexstar demonstrated that Broder's equitable bill of review had no basis in law, and the trial court therefore erred in denying Nexstar's Rule 91a motion to dismiss. *See* Tex. R. Civ. P. 91a.1; *Bethel*, 595 S.W.3d at 654. Nexstar therefore may be entitled to attorney's fees and costs, which should be determined by the trial court in the first instance, based on evidence regarding the amount, if any, of costs and fees that should be awarded to Nexstar as the prevailing party. *See* Tex. R. Civ. P. 91a.7.

## TCPA DISMISSAL

On cross-appeal, Nexstar also contends that the trial court erred when it denied its motion to dismiss pursuant to the TCPA. We review a trial court's ruling on a TCPA motion to dismiss de novo. *RigUp, Inc. v. Sierra Hamilton, LLC*, 613 S.W.3d 177, 182 (Tex. App.—Austin 2020, no pet.).

The TCPA "protects citizens who [associate,] petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018) (quoting *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015)); *see also* Tex. Civ. Prac. & Rem. Code § 27.002 (describing TCPA's purpose). "To effectuate this purpose, the TCPA allows a party to move for expedited dismissal of 'claims brought to intimidate or to silence a defendant's exercise of these First Amendment rights.'" *RigUp*, 613 S.W.3d at 181 (quoting *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam)).

---

erred by sustaining those objections, *but see* Tex. R. Civ. P. 91a.6 (limiting consideration of exhibits to only those "permitted by Rule 59"), any error was harmless because those portions do not change our analysis, *see* Tex. R. App. P. 44.1.

A court undertakes a three-step analysis when reviewing a TCPA motion to dismiss. *Id.* at 181–82. First, the movant bears the initial burden of demonstrating that the nonmovant's legal action "is based on or is in response to" the movant's exercise of the right of free speech, petition, or association. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b).[6] If the movant meets their burden of showing the TCPA applies, then the burden shifts to the nonmovant to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). If the nonmovant satisfies their burden of presenting a prima facie case, then the burden shifts back to the movant "to prove each essential element of a valid defense to the nonmovant's claim by a preponderance of the evidence." *RigUp*, 613 S.W.3d at 181–82 (citing Tex. Civ. Prac. & Rem. Code § 27.005(d)).

In contrast to a Rule 91a motion, the trial court must consider the pleadings, evidence that could be considered at summary judgment, and any supporting and opposing affidavits, in the light most favorable to the nonmovant. Tex. Civ. Prac. & Rem. Code § 27.006(a); *see also RigUp*, 613 S.W.3d at 182. If a legal action is dismissed pursuant to the TCPA, the trial court must award court costs and reasonable attorney's fees to the moving party and may award sanctions against the party bringing the legal action that the court determines are sufficient to deter the party from bringing similar actions. Tex. Civ. Prac. & Rem. Code § 27.009(a).

We begin with Nexstar's burden to demonstrate that the equitable bill of review is "based on or is in response to" its exercise of a constitutional right. *See* Tex. Civ. Prac. & Rem. Code §§ 27.003(a), .005(b). Whether premised on Nexstar's exercise of the right to free speech

---

[6] The equitable bill of review was filed on December 7, 2021, and we therefore refer to the version of the TCPA in effect at the time of filing. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 131 (Tex. 2019) (applying version of TCPA applicable at time of suit's filing).

13

or right to petition,[7] the exercise of either constitutional right involves a "communication," *id.* § 27.001(3) (defining "[e]xercise of the right of free speech"), (4) (defining "[e]xercise of the right to petition"), which is broadly defined as "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic," *id.* § 27.001(1); *see also Youngkin*, 546 S.W.3d at 680. Although the TCPA's definitions of the exercise of the rights to free speech and petition are expansive, *Youngkin*, 546 S.W.3d at 680, "the burden nonetheless remains on the movant to identify the communication made by the movant that supports application of the TCPA," *Wendt v. Weinman & Assocs., P.C.*, 595 S.W.3d 926, 930 (Tex. App.—Austin 2020, no pet.).

Nexstar contends Broder's equitable bill of review was filed in response to Nexstar's sending a demand letter for Broder to pay the judgment in the original defamation suit. That is, Nexstar argues that the TCPA applies because the equitable bill of review was brought in response to Nexstar exercising its right to petition. *See, e.g.*, *Long Canyon Phase II & III Homeowners Ass'n, Inc. v. Cashion*, 517 S.W.3d 212, 221 (Tex. App.—Austin 2017, no pet.) (holding TCPA applied to lawsuit filed in response to pre-suit demand letter that constituted exercise of right to petition). Contrary to Nexstar's suggestion, however, the bill of review was not based on Nexstar's demand letter. Rather, the equitable bill of review was filed based on, and in response to, Broder's discovery of the undisclosed prior professional relationship between the district-court judge and one of Nexstar's attorneys in the original defamation suit. *See Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (explaining that petition is "best and all-sufficient

---

[7] Nexstar does not raise any argument concerning the exercise of the right of association. Tex. Civ. Prac. & Rem. Code § 27.003(a).

evidence of the nature of the action" (quoting *Stockyards Nat'l Bank v. Maples*, 95 S.W.2d 1300, 1302 (Tex. 1936))).

As this Court has cautioned, "almost every lawsuit at its core is based on some decision, followed by conduct, that is bracketed by communications in one form or another by or between the parties." *Hanna v. Williams*, 681 S.W.3d 416, 424–25 (Tex. App.—Austin 2023, pet. denied) (quoting *Clinical Pathology Labs., Inc. v. Polo*, 632 S.W.3d 35, 45 (Tex. App.—El Paso 2020, pet. denied)). Although Nexstar may have communicated with Broder about the previous judgment in the lead up to Broder filing his equitable bill of review, those communications are neither a "fundamental part" nor a "factual predicate" of the bill of review. *See id.* at 424 (quoting *Herczeg v. 5005 SSR, LLC*, No. 03-19-00760-CV, 2021 WL 3868749, at *3 (Tex. App.—Austin Aug. 31, 2021, pet. denied) (mem. op.) and *Ernst & Young, LLP v. Ryan, LLC*, No. 01-21-00603-CV, 2023 WL 4239350, at *8 (Tex. App.—Houston [1st Dist.] June 29, 2023, pet. denied) (mem. op.)). Moreover, the mere fact that an earlier version of Broder's pleading made a passing reference to the demand letter and sought injunctive relief does not transform that remedy into a "legal action" to which the TCPA applies. *See Cavin v. Abbott*, 613 S.W.3d 168, 171 (Tex. App.—Austin 2020, pet. denied) (prohibiting requests for injunctive relief from being "separately challenged" under TCPA and clarifying that "the cause of action . . . is the legal action," not "[the] equitable relief in the form of an injunction").

Nexstar alternatively argues that because the TCPA applied to the original defamation suit, the TCPA must therefore also apply to this equitable bill of review. In the previous appeal, we agreed that the TCPA applied to bar Broder's defamation-related claims. *See Broder*, 2021 WL 2273470, at *9 (affirming that TCPA applied based on various communications arising from exercise of right of free speech). But an equitable bill of review is a separate legal action

15

"brought as a direct attack" on the judgment in the original proceeding. *Valdez*, 465 S.W.3d at 226 (quoting *Frost Nat'l Bank*, 315 S.W.3d at 504); *see also* Tex. Civ. Prac. & Rem. Code § 27.001(6) (defining "legal action" for purposes of TCPA as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief"). Although there may be instances when the TCPA would apply because the equitable bill of review is based on or in response to the same communications as identified in the original suit, *see* Tex. Civ. Prac. & Rem. Code. § 27.003(a), no such confluence exists here. The original defamation legal action concerned communications arising "out of reporting about complaints filed against Broder with the Texas Medical Board (TMB) and the death of one of [his] patients." *See Broder*, 2021 WL 2273470, at *1. The equitable bill of review, however, concerns the perceived failure of the district-court judge (and opposing counsel) to timely disclose the existence of their prior professional relationship. *See Hersh*, 526 S.W.3d at 467. Such alleged failures of the parties to communicate about their past relationship do not implicate the TCPA. *See Hanna*, 681 S.W.3d at 423 ("We agree . . . that, to the extent her claims are based on or in response to appellees' failures to communicate or act, such failures do not implicate the TCPA."). And a review of the equitable bill of review demonstrates that Broder has not relied on the communications at issue in the original legal action as the basis for seeking the equitable bill of review. *See Hersh*, 526 S.W.3d at 467.[8]

Nexstar complains that considering the equitable bill of review independently from the original defamation suit would undermine the purpose of the TCPA and invite gamesmanship

---

[8] Nexstar's arguments that the original defamation lawsuit arose from its "journalistic activities" similarly does not change our analysis because Nexstar's "journalistic activities" are not the basis for the equitable bill of review.

16

by losing plaintiffs. But the TCPA reflects a dual purpose seeking to balance two competing interests of litigants: (1) encouraging and safeguarding "the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law" and (2) "at the same time, *protect[ing] the rights of a person to file meritorious lawsuits* for demonstrable injury." Tex. Civ. Prac. & Rem. Code § 27.002 (emphasis added). Allowing a movant to defeat one legal action because a different legal action is based on or in response to the party's exercise of constitutional rights upsets that balance and goes beyond what is statutorily authorized. *See id.* § 27.003(a) (authorizing party to seek dismissal of "the legal action" based on or in response to its exercise of constitutional rights).

Furthermore, there are already procedural safeguards in place to prevent gamesmanship by losing plaintiffs. If the equitable bill of review is based on or in response to the exercise of constitutional rights (either the same communications as were the basis of the original lawsuit or entirely new ones), the TCPA remains available. *See id.* § 27.003. But even when, as here, the TCPA may not be applicable, a petitioner seeking an equitable bill of review still faces the heavy burden any petitioner faces when requesting such relief. *See King Ranch*, 118 S.W.3d at 751 (describing grounds for bill of review as "narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point"); *Crouch v. McGaw*, 138 S.W.2d 94, 96 (Tex. 1940) (explaining bill of review requires "something more than injustice must be shown"); *Narvaez*, 127 S.W.3d at 319 (explaining bills of review are "scrutinized 'with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted'" and the petitioner faces "heavy" burden (quoting *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950))).

17

Accordingly, Nexstar failed to demonstrate that the TCPA applied to the equitable bill of review brought by Broder, *see* Tex. Civ. Prac. & Rem. Code § 27.005(b), and therefore the trial court did not err by denying Nexstar relief on that basis. We overrule Nexstar's second cross-issue.

**CONCLUSION**

In conclusion, we affirm the trial court's denial of Broder's equitable bill of review and Nexstar's TCPA motion. We reverse the trial court's denial of Nexstar's Rule 91a motion and remand for further proceedings consistent with this opinion.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith

Affirmed in Part; Reversed and Remanded in Part

Filed: June 28, 2024