

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00661-CV

### IN RE TEXAS FIRST RENTALS, LLC

Original Mandamus Proceeding[1]

Opinion by:    Irene Rios, Justice

Sitting:        Irene Rios, Justice
                Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: February 19, 2025

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator Texas First Rentals, LLC ("Texas First Rentals") seeks mandamus relief from the trial court's order granting real parties in interest Team Vision, LLC ("Team Vision") and Fakhruddin Sabir's bill of review and setting aside Texas First Rentals' default judgment against them. Based on the reasons set forth below, we conditionally grant Texas First Rentals' petition for writ of mandamus.

## BACKGROUND

This case stems from an equipment rental agreement between Texas First Rentals and Team Vision and Sabir, Team Vision's owner and general manager. When rental fees remained

---

[1] This proceeding arises out of Cause No. 2024-CI-10367, styled *Team Vision, LLC and Fakhruddin Sabir v. Texas First Rentals, LLC*, pending in the 408th Judicial District Court, Bexar County, Texas, in which the Honorable Angelica Jimenez presides. However, the Honorable Rosie Alvarado is the judge who heard the bill of review and issued the ruling being challenged in this mandamus proceeding.

unpaid, Texas First Rentals sued Team Vision and Sabir on August 22, 2023, in Cause No. 2023-CI-17807, pending in the 408th Judicial District Court, Bexar County, Texas. Both Team Vision and Sabir were served with citation on October 31, 2023. Neither Team Vision nor Sabir filed a timely answer. Subsequently, Texas First Rentals sought and received a default judgment and permanent injunction against Team Vision and Sabir. The trial court rendered the default judgment on December 6, 2023. On December 8, 2023, the Bexar County District Clerk sent notices of the default judgment to Team Vision and Sabir to an old address rather than to their current address listed on the officer's returns of citation.

Nevertheless, Team Vision and Sabir received notice of the default judgment and filed an answer and a timely motion for new trial on December 22, 2023. *See* TEX. R. CIV. P. 329b(a). The trial court conducted a hearing on Team Vision and Sabir's motion for new trial on February 13, 2024. At the conclusion of the hearing, the trial court orally announced that it was granting the motion for new trial; however, the trial court did not sign a written order vacating the default judgment and granting a new trial until April 9, 2024—twenty days after the trial court's plenary power expired.[2]

Texas First Rentals moved to set aside the order vacating the default judgment and granting a new trial arguing the trial court lacked plenary power to render the April 9, 2024 order. At the hearing, Team Vision and Sabir conceded the trial court lacked authority to sign the order. On May 29, 2024, the trial court granted Texas First Rentals' motion to set aside the April 9, 2024 order. Team Vision and Sabir did not file a notice of appeal in Cause No. 2023-CI-17807.

---

[2] The trial court's plenary power expired on March 20, 2024. *See* TEX. R. CIV. P. 329b(c), (e). We note Team Vision and Sabir filed a motion for entry of written order following the trial court's oral order granting new trial. However, the motion was not filed until April 11, 2024, also well after the trial court's plenary power expired.

Instead, Team Vision and Sabir filed a bill of review in the underlying case. Following a hearing, the trial court granted the bill of review. Texas First Rentals filed this petition for writ of mandamus challenging the trial court's August 15, 2024 order granting the bill of review.

## MANDAMUS

Mandamus relief is appropriate only to correct a clear abuse of discretion by the trial court when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *see also In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* We have previously recognized that mandamus is the appropriate remedy for a bill of review that was erroneously granted because the party opposing the bill of review lacks an adequate remedy by appeal. *In re J.M., IV*, 373 S.W.3d 725, 728 (Tex. App.–San Antonio 2012, orig. proceeding).

## BILL OF REVIEW

A bill of review is an independent equitable proceeding filed by a party seeking to set aside a judgment that is no longer subject to challenge by a motion for new trial or appeal. *WWLC Inv., L.P. v. Miraki*, 624 S.W.3d 796, 799 (Tex. 2021); *see King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). A plaintiff in a bill of review must ordinarily plead and prove: (1) a meritorious defense to the underlying cause of action; (2) which the plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing party, or by official mistake; (3) unmixed with any fault or negligence on his or her own part. *WWLC Inv.*, 624 S.W.3d at 799; *see also Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). The plaintiff bears the burden of proof to establish these elements. *See Chapman*, 118 S.W.3d at 752.

"[The] petitioner[s] must additionally demonstrate that [they] exercised due diligence to assert all adequate legal remedies before filing a bill of review, and the petitioner[s] are not entitled to a bill of review when [they] failed to invoke the right of appeal or some other legal remedy when it was available unless an adequate explanation is advanced for bypassing the legal remedy." *Bialaszewski v. Bialaszewski*, 557 S.W.3d 88, 91 (Tex. App.—Austin 2017, no pet.) (citation omitted). The required due diligence is separate and distinct from the bill of review elements. *Perdue v. Patten Corp.*, 142 S.W.3d 596, 606 (Tex. App.—Austin 2004, no pet.). The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point. *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950); *see Crouch v. McGaw*, 138 S.W.2d 94, 96 (Tex. 1940) (noting to grant bill of review requires "something more than injustice").

**ANALYSIS**

Texas First Rentals argues the trial court erred in granting Team Vision and Sabir's bill of review because they could have directly appealed the December 6, 2023 default judgment and chose not to. Team Vision and Sabir contend they did not have to directly appeal the default judgment; rather, they had a choice of appealing the default judgment or filing a bill of review. Specifically, Team Vision and Sabir contend "[t]here is no reason that [they] could not file a bill of review instead of appealing the issue" because "[a]n appeal would have been a lengthy process that would have required [them] to have to post a supersedeas bond."

The record reflects Team Vision and Sabir timely filed their motion for new trial. Although the trial court orally indicated it was granting the motion for new trial, the motion was overruled by operation of law because the trial court did not sign a written order granting the motion until after its plenary power expired. *See In re Lovito-Nelson*, 278 S.W.3d 773, 775 (Tex. 2009)

(requiring a written order to grant a motion for new trial). After the motion for new trial was denied by operation of law, Team Vision and Sabir failed to appeal the default judgment.

The Texas Supreme Court, this court, and several of our sister courts have held, "'that one with an available appeal who fails to pursue that remedy is not entitled to seek relief by way of a bill of review.'" *Hale v. Hale*, No. 04-09-00198-CV, 2009 WL 3030750, at *2 (Tex. App.—San Antonio Sept. 23, 2009, no pet.) (mem. op.) (quoting *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980)); *see also Douthit v. West*, No. 14-23-00268-CV, 2024 WL 717708, at *2 (Tex. App.—Houston [14th Dist.] Feb. 22, 2024, pet. denied) (mem. op.) (holding failure to timely appeal a judgment or appeal a motion for new trial overruled by operation of law precludes an equitable bill of review because it demonstrates a lack of due diligence in the underlying proceeding); *Johnson v. Greunepointe 1 Kerens, LLC*, No. 13-18-00337-CV, 2020 WL 2213949, at *2–3 (Tex. App.—Corpus Christi–Edinburg May 7, 2020, no pet.) (mem. op.) (differentiating between a direct appeal being an inadequate appellate remedy a party is not required to pursue to show due diligence before filing a restricted appeal as opposed to a direct appeal being an adequate appellate remedy that must be pursued, when available, before a party may be entitled to relief by bill of review); *Headifen v. Harker*, No. 03-16-00028-CV, 2017 WL 3902623, at *3 (Tex. App.—Austin Aug. 30, 2017, pet. denied) (mem. op.) (holding trial court did not abuse its discretion by denying bill of review where petitioner filed a motion for new trial but failed to appeal judgment after the motion was overruled by operation of law). Thus, if legal remedies against the former judgment were available but ignored, such as filing an appeal after the motion for new trial was overruled by operation of law, relief by equitable bill of review is unavailable. *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) ("Although it is an equitable proceeding, the fact that an injustice has occurred is not sufficient to justify relief by bill of review.").

Therefore, we conclude the trial court erred in granting Team Vision and Sabir's bill of review. *See French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967); *see also Hale*, 2009 WL 3030750, at *2.

**CONCLUSION**

Because Team Vision and Sabir did not timely file an appeal after their motion for new trial was overruled by operation of law, they failed to establish due diligence in pursuing their available legal remedies. *See Chapman*, 118 S.W.3d at 751–52. The trial court abused its discretion by granting Team Vision and Sabir's petition for bill of review and setting aside the default judgment against them. Accordingly, we conditionally grant Texas First Rentals' petition for writ of mandamus and direct the trial court to: (1) vacate its August 15, 2024 order granting Team Vision and Sabir's bill of review; and (2) reinstate the trial court's December 6, 2023 default judgment. The writ will issue only in the event the trial court fails to comply within fifteen days from the date of this opinion.

Irene Rios, Justice