**Affirm in part, reverse in part, and remand; Opinion Filed August 2, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01161-CV

**ROBERT THOMAS, A TRUSTEE OF THE ROBERT K. THOMAS TRUST, THE TABATHA D. THOMAS EXEMPT TRUST, THE TABATHA D. THOMAS GST-EXEMPT TRUST A, THE ROBERT T. THOMAS EXEMPT TRUST, THE ROBERT T. THOMAS GST-EXEMPT TRUST A, THE TIERNEY G. THOMAS EXEMPT TRUST, THE TIERNEY G. THOMAS GST-EXEMPT TRUST A, THE TYLER J. THOMAS EXEMPT TRUST, AND THE TYLER J. THOMAS GST-EXEMPT TRUST A, Appellant**

**V.**

**462 THOMAS FAMILY PROPERTIES, LP, 462 THOMAS FAMILY PROPERTIES MANAGEMENT, LLC, DONALD T. CONLON, ROBYN THOMAS CONLON, INDIVIDUALLY, AS EXECUTOR OF THE ESTATE OF HOWARD GILLIS THOMAS, DECEASED, AND AS TRUSTEE OF THE ROBYN THOMAS CONLON TRUST, THE KEVIN T. CONLON EXEMPT TRUST, KEVIN T. CONLON GST-EXEMPT TRUST A, THE PATRICK C. CONLON EXEMPT TRUST, THE PATRICK C. CONLON GST-EXEMPT TRUST A, THE WILLIAM K. CONLON EXEMPT TRUST, AND THE WILLIAM K. CONLON GST-EXEMPT TRUST A, Appellees**

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-16-01660-2**

## OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Stoddart

Appellant Robert Thomas, a Trustee of the Robert K. Thomas Trust, the Tabatha D.

Thomas Exempt Trust, the Tabatha D. Thomas GST-Exempt Trust A, the Robert T. Thomas

Exempt Trust, the Robert T. Thomas GST-Exempt Trust A, the Tierney G. Thomas Exempt Trust,

the Tierney G. Thomas GST-Exempt Trust A, the Tyler J. Thomas Exempt Trust, and the Tyler J.

Thomas GST-Exempt Trust A, appeals the trial court's judgment dismissing his petition for a bill of review. Appellees, 462 Thomas Family Properties, LP, 462 Thomas Family Properties Management, LLC, Donald T. Conlon, Robyn Thomas Conlon, Individually, as Executor of the Estate of Howard Gillis Thomas, Deceased, and as Trustee of the Robyn Thomas Conlon Trust, the Kevin T. Conlon Exempt Trust, Kevin T. Conlon GST-Exempt Trust A, the Patrick C. Conlon Exempt Trust, the Patrick C. Conlon GST-Exempt Trust A, the William K. Conlon Exempt Trust, and the William K. Conlon GST-Exempt Trust A, filed a motion to dismiss the petition for bill of review pursuant to rule of civil procedure 91a, which the trial court granted. In two issues, appellant argues the trial court erred by dismissing his bill of review and by awarding attorney's fees to appellees. In a single cross-issue, appellees assert the trial court erred by failing to award appellate attorney's fees to them. We reverse the trial court's judgment in part and we affirm in part. We remand the cause to the trial court for further proceedings.

BACKGROUND

On July 29, 2015, a probate court in Dallas County signed a final judgment in cause number PR-10-00877-2 ("Estate Case"). The Estate Case judgment, which was favorable to the defendants (appellees in this appeal), has been appealed to this Court and bears a separate cause number. The appeal of the Estate Case has been abated pending resolution of this appeal.

After the appeal of the Estate Case was filed, appellant filed a petition for an equitable and a statutory bill of review in the trial court. Appellant alleges: "[u]pon information and belief, during the proceedings and [sic] the trial that led to the [Estate Case] Judgment, one of the attorneys of record for the Defendants had a personal relationship with the judge presiding over those proceedings." Appellant asserts the existence of the relationship during the pendency of the Estate Case, the judge's and attorney's failures to disclose the relationship, and the judge's failure to recuse himself constituted judicial and attorney misconduct that destroyed the integrity of the

–2–

proceedings and violated appellant's due process rights. Specifically as to his request for an equitable bill of review, appellant alleges: "The misconduct of the presiding judge and opposing counsel constitutes extrinsic fraud which denied [appellant] the right to fully and fairly present his claims, deprived [appellant] of due process, and fundamentally distorted the judicial process." The petition states appellant could not have discovered the relationship prior to the entry of judgment through the exercise of reasonable diligence. Appellant seeks to set aside the judgment as well as all orders signed by the judge in the Estate Case.

Appellees answered and generally denied the allegations. Appellees moved to dismiss pursuant to rule of civil procedure 91a, arguing appellant's bill of review has no basis in law because, even if the allegations are true, appellant's petition does not meet the requirements for a bill of review and dismissal is appropriate. Appellees did not contend they lacked understanding of the allegations and they did not file special exceptions. Following a hearing, the trial court granted the motion to dismiss, issued a memorandum opinion in support of its order, and dismissed appellant's petition for a bill of review with prejudice.[1] This appeal followed.

LAW & ANALYSIS

In his first issue, appellant argues the trial court erred by granting appellees' motion to dismiss his petition for a bill of review.[2]

A.     Texas Rule of Civil Procedure 91a

Under Texas Rule of Civil Procedure 91a, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." *See* TEX. R. CIV. P. 91a.1. Dismissal is appropriate under rule 91a if the allegations made in the petition, taken as true, together with

---

[1] The judge who presided over the Estate Case is not the same judge who granted appellees' motion to dismiss.

[2] Appellant phrases his first issue as follows: "Did the trial Court [sic] below err in holding that a close, personal relationship between a trial judge . . . and an attorney of record in the pending action . . . cannot, under any circumstances, create the appearance or a possibility of bias that rises to the level of a due process violation?" We construe appellant's first issue to question whether the trial court erred by granting the rule 91a motion to dismiss filed by appellees.

inferences reasonably drawn from them, do not entitle the claimant to the relief sought or no reasonable person could believe the facts pleaded. *See id.* When considering a motion to dismiss, the court "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59" of the rules of civil procedure. TEX. R. CIV. P. 91a.6. We review the merits of a motion to dismiss pursuant to rule 91a de novo because the availability of a remedy under the facts alleged is a question of law. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016).

To determine whether dismissal under rule 91a is required in this case, we apply the fair-notice pleading standard applicable in Texas to determine whether the allegations of the petition are sufficient to allege a cause of action. *See Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 599 (Tex. App.—Corpus Christi 2017, no pet.) (applying notice pleading standard to rule 91a motion to dismiss); *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied) ("We apply the fair-notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action."). Our procedural rules merely require that the pleadings provide fair notice of the claim and the relief sought such that the opposing party can prepare a defense. *Reaves*, 518 S.W.3d at 559-600 (citing *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding) (citing TEX. R. CIV. P. 45 & 47)). A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. *Id.* at 600 (citing *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 346 (Tex. 2011)). "Even the omission of an element is not fatal if the cause of action may be reasonably inferred from what is specifically stated." *Lipsky*, 460 S.W.3d at 590 (internal quotations omitted). Under this standard, courts assess whether an opposing party can ascertain from the pleading the nature of the controversy, its basic issues, and the type of evidence that might be relevant. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *Reaves*, 518 S.W.3d at 600.

**B.    Petition for Bill of Review**

"A bill of review is brought as a direct attack on a judgment that is no longer appealable or subject to a motion for new trial." *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015). "The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Courts do not readily grant bills of review "[b]ecause it is fundamentally important in the administration of justice that some finality be accorded to judgments." *Valdez*, 465 S.W.3d at 226 (quoting *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950)).

In general, there are two types of bills of review: equitable and statutory. *See id.* To obtain an equitable bill of review, a petitioner generally must plead and prove (1) a meritorious claim or defense to the judgment, (2) which the petitioner was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with any fault or negligence on the petitioner's own part. *Id.* However the Texas Supreme Court has recognized some instances when a party is not required to satisfy each element. *See Mabon Ltd. v. Afri–Carib Enters., Inc.*, 369 S.W.3d 809, 810 (Tex. 2012) (per curiam) ("It is well established that once a bill-of-review plaintiff proves the absence of service or the lack of notice of the dispositive trial setting, the plaintiff is then relieved of proving the traditional bill-of-review elements and the court should grant the plaintiff's bill of review."); *see also Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86–87 (1988) (holding that the meritorious defense requirement in a bill of review proceeding violates due process where the bill of review plaintiff has no notice of the proceeding in which the default judgment was rendered); *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam) (bill-of-review plaintiff claiming non-service is relieved of proving first two elements of bill of review). We must determine whether a bill-of-review plaintiff who alleges undisclosed judicial

–5–

and attorney misconduct destroyed the integrity of the proceedings and denied the party's due process rights may be afforded similar latitude in the face of a motion to dismiss pursuant to rule 91a.

## C. Analysis of Equitable Bill of Review & Due Process

Appellant alleges that, in the Estate Case, the trial court judge and an attorney of record for the prevailing party had an undisclosed personal relationship and their decision not to disclose it and the judge's failure to recuse himself "constitute[d] attorney and judicial misconduct that destroyed the integrity of the proceedings and denied appellant his due process rights." He alleges the judge's and attorney's misconduct constituted extrinsic fraud that denied his right to fully and fairly present his claims and "fundamentally distorted the judicial process." Appellant also asserts he could not have discovered the alleged relationship through the exercise of reasonable diligence prior to the entry of judgment in the Estate Case.

A showing that the former judgment was obtained by extrinsic fraud will justify a bill of review to set aside a judgment. *See In re Marriage of Stroud*, 376 S.W.3d 346, 353 (Tex. App.— Dallas 2012, pet. denied) (citing *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984); *Alexander*, 226 S.W.2d at 1001). Extrinsic fraud is "fraud which denies a losing litigant the opportunity to fully litigate his rights or defenses" at trial. *Id.* (quoting *Montgomery*, 669 S.W.2d at 312). It is conduct that occurs outside an adversarial proceeding that affects how the judgment is procured or prevents a real trial on the issues involved. *Id.* (citing *Montgomery*, 669 S.W.2d at 313; *Alexander*, 226 S.W.2d at 1002). "A collateral attack on a judgment on the basis of extrinsic fraud is allowed because such fraud distorts the judicial process to such an extent that confidence in the ability to discover the fraudulent conduct through the regular adversarial process is undermined." *Browning v. Prostok*, 165 S.W.3d 336, 348 (Tex. 2005) (citing *United States v. Throckmorton*, 98 U.S. 61, 65 (1878) ("But there is an admitted exception to this general rule [of

finality] in cases where, by reason of something done by the successful party to a suit, there was in fact no adversary trial or decision of the issue in the case.")).

Accepting appellant's allegations as true, together with any inference reasonably drawn therefrom, we conclude the petition alleges a wrongful act by the judge and the opposing party's attorney that occurred outside of the adversarial proceeding and affects how the judgment was procured. The alleged wrongful act was unmixed with any fault on the part of appellant. We conclude appellant's allegations are sufficient to meet the second and third elements of a bill of review in the face of a motion to dismiss pursuant to rule 91a.

Appellees argue appellant cannot satisfy the first element of a bill of review, showing a meritorious claim or defense to the judgment, and, therefore, the trial court correctly granted their motion to dismiss. Appellant argues he is not required to plead or prove a meritorious claim or defense because he alleges a due process violation that deprived him of his fundamental rights. At this early stage in the litigation, we conclude appellant's allegations of judicial and attorney misconduct that violated his right to due process are sufficient to survive a rule 91a motion to dismiss.[3]

The United States Supreme Court has concluded that "[a] fair trial in a fair tribunal is a basic requirement of due process." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009) (quoting *In re Murchison*, 349 U.S. 133, 137 (1955)). This Court also has concluded that a party has a right to a fair trial under the federal and state constitutions. *Rymer v. Lewis*, 206 S.W.3d 732, 736 (Tex. App.—Dallas 2006, no pet.) (citing *Metzger v. Sebek*, 892 S.W.2d 20, 37 (Tex. App.—

---

[3] In its memorandum opinion in support of its order granting the rule 91a motion, the trial court stated a petition for a bill of review must be sworn and appellant's petition was not. The only element of a bill of review that must be sworn is the first: facts sufficient to constitute a meritorious claim or defense. *See Baker v. Goldsmith*, 582 S.W.2d 407, 408 (Tex. 1979) (bill-of-review plaintiff "must allege factually and with particularity that the prior judgment was rendered as a result of fraud, accident, or wrongful act of the opposite party or official mistake unmixed with his own negligence" and "must further allege, with particularity, sworn facts sufficient to constitute [a] defense and, as a pretrial matter, present prima facie proof to support the contention."); *see also State v. 1985 Chevrolet Pickup Truck, VIN 1GCEK14HLFS165672*, 778 S.W.2d 463, 464 (Tex. 1989) (per curiam) (petition for bill of review must allege factually and with particularity prior judgment rendered as a result of fraud, accident, or wrongful act of opposing party or official mistake unmixed with own negligence, and must allege, with particularity, sworn facts sufficient to constitute defense). Because we conclude appellant was not required to plead a meritorious defense to survive the rule 91a motion, we also conclude he was not required to file a sworn pleading.

Houston [1st Dist.] 1994, writ denied)); *see also Udeh v. Kabobi*, No. 05-99-01071-CV, 2000 WL 1690188, at *5 (Tex. App.—Dallas Nov. 13, 2000, no pet.) (not designated for publication); *Maasoumi v. Highland Park Indep. Sch. Dist.*, No. 05-95-00727-CV, 1997 WL 657091, at *2 (Tex. App.—Dallas Oct. 23, 1997, no pet.) (not designated for publication). "One of the most fundamental components of a fair trial is a neutral and detached judge."[4] *Rymer*, 206 S.W.3d at 736; *Udeh*, 2000 WL 1690188, at *5; *Maasoumi*, 1997 WL 657091, at *2. Although the Supreme Court traditionally has concluded that personal bias or prejudice alone was not a sufficient basis "for imposing a constitutional requirement under the Due Process Clause," in *Caperton v. A.T. Massey Coal Company*, the Court stated there are circumstances "in which experience teaches that the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Caperton*, 556 U.S. at 877.

Taking appellant's allegations, together with inferences reasonably drawn from them, as true, appellant's petition for a bill of review complains he was denied the right to a fair trial by a neutral and detached judge because the judge and an attorney of record for the prevailing party had an undisclosed personal relationship that was sufficient to "constitute attorney and judicial misconduct which destroyed the integrity of the proceedings leading to the Judgment and denied [appellant] of his due process rights." We conclude appellant's allegations of judicial and attorney misconduct that violated his right to due process and precluded him from fully litigating his case are sufficient to survive a rule 91a motion to dismiss. We cannot say that the due process right appellant seeks to protect is less important than the one recognized in the context of allowing a party who was not served or did not receive proper notice of a dispositive hearing to pursue a bill

---

[4] The concern that a judge must remain impartial is also reflected in our rules of civil procedure. Texas Rule of Civil Procedure 18b requires a judge to recuse in any proceeding in which "the judge's impartiality might reasonably be questioned," "the judge has a personal bias or prejudice concerning the subject matter or a party," or the judge's spouse is acting as a lawyer in the proceeding. TEX. R. CIV. P. 18b(b)(1)-(2), (8). Although appellant does not specifically contend the trial judge in the Estate Case should have recused himself pursuant to rule 18b, the rule provides a framework for determining whether a judge should recuse. Appellant's allegations raise concerns identified in rule 18b. Appellant's allegations, taken as true, could lead to the conclusion that the trial judge's impartiality might reasonably be questioned because the judge may have had a strong personal bias toward one of the prevailing party's attorneys.

of review without showing a meritorious defense. However, we expressly do not find appellant has shown a due process violation occurred.

Appellees' motion to dismiss also states appellant's bill of review must fail because "the only possible basis for new trial or appeal related to the allegations would have been related to recusal of the judge" and any recusal motion must not be filed after the tenth day before the date set for trial. *See* TEX. R. CIV. P. 18a(b)(1)(B). Rule 18a states a motion to recuse must be filed "as soon as practicable after the movant knows of the ground stated in the motion" and not after the tenth day before the date set for trial or other hearing "unless, before that day, the movant neither knew nor reasonably should have known: . . . (ii) that the ground stated in the motion existed." TEX. R. CIV. P. 18a (b)(1); *see Newby v. Uhl*, No. 02-10-00466-CV, 2012 WL 3115628, at *4 (Tex. App.—Fort Worth Aug. 2, 2012, no pet.) (mem. op.) (motion to recuse must not be filed after tenth day before date set for trial, unless movant neither knew nor reasonably should have known "that the ground stated in the motion existed."). Appellant alleges he did not know and could not have known about the facts underlying his bill of review before trial. Assuming appellant's allegations, as well as reasonable inferences drawn from them, are true, appellant neither knew nor reasonably should have known that the grounds for recusal existed. Thus, a motion to recuse filed after the tenth day before the date of trial would not have been untimely.

Applying the notice pleading standard and liberally construing appellant's petition according to his intent, we conclude the trial court erred by dismissing his petition for an equitable bill of review as lacking any basis in law at this early stage. Appellant provided fair notice of a cause of action that is cognizable under Texas law and his allegations, when taken as true, could entitle him to relief through a bill of review. Appellant's petition would enable appellees to ascertain the nature of the controversy, its basic issues, and the type of evidence that might be relevant. *See Low*, 221 S.W.3d at 612. We conclude the trial court erred by granting the motion

to dismiss pursuant to rule 91a and by dismissing appellant's petition for an equitable bill of review. We sustain appellant's first issue to this extent.[5]

## D.      Statutory Bill of Review

Appellant's petition also seeks a statutory bill of review pursuant to Texas Estates Code section 55.251. Section 55.251 states: "An interested person may, by a bill of review filed in the court in which the probate proceedings were held, have an order or judgment rendered by the court revised and corrected on a showing of error in the order or judgment, as applicable." TEX. ESTATES CODE ANN. § 55.251(a). The interested party is required to allege and prove that the trial court committed substantial error in a prior decision, order, or judgment. *Valdez*, 465 S.W.3d at 226–27 (interpreting former Texas Probate Code § 31); *In re Estate of Jones*, 286 S.W.3d 98, 100 (Tex. App.—Dallas 2009, no pet.) ("To be entitled to relief under the probate code's statutory bill of review, it is necessary to specifically allege and prove substantial error by the trial court.").

The trial court granted the motion to dismiss as to appellant's petition for both an equitable and a statutory bill of review. The trial court's memorandum opinion explained why it granted the motion to dismiss as to each. However, appellant makes no argument on appeal that the trial court erred by granting the motion to dismiss his petition for a statutory bill of review. Appellant's brief does not cite section 55.251 or any other provision of the estates code. Appellant also does not argue the trial court committed "substantial error" in the Estate Case. Although appellant makes a brief assertion in his reply brief that his opening brief addressed the trial court's order as to the statutory bill of review, we disagree because he made no argument with respect to the estates code and did not cite any legal authority supporting an argument based on the estates code. *See* TEX.

---

[5] In reaching the conclusion that appellant's allegations are sufficient to survive a rule 91a motion to dismiss, we express no view on the ultimate merits of any element of the equitable bill of review.

R. APP. P. 38.1.  We conclude he has not presented any error with respect to the petition for a statutory bill of review for our consideration.  We overrule appellant's first issue to this extent.

## E.    Attorney's Fees

In his second issue, appellant argues the trial court erred by awarding attorney's fees to appellees because appellees offered evidence of their fees more than forty-five days after filing their motion to dismiss.  Appellant asks this Court to render judgment denying appellees' request for attorney's fees.  Appellant asserts that because the trial court must grant or deny the motion to dismiss within forty-five days after it is filed, *see* TEX. R. CIV. P. 91a.3(c), the trial court could not consider evidence of attorney's fees submitted after the forty-five day deadline passed.  When construing rules of procedure, we apply the same rules of construction that govern the interpretation of statutes.  *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 579 (Tex. 2012); *see also Weizhong Zheng v. Vacation Network, Inc*., 468 S.W.3d 180, 188 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (interpreting rule 91a).  We first look to the plain language of the rule and construe it according to its plain or literal meaning.  *Ford Motor Co.*, 363 S.W.3d at 579; *see also Weizhong Zheng*, 468 S.W.3d at 188.

Rule 91a establishes a two-step process for a trial court considering a motion to dismiss.  First, within forty-five days of the motion being filed, the trial court must grant or deny the motion.  TEX. R. CIV. P. 91a.3(c).  When considering and ruling on the motion, the trial court "may not consider evidence" and "must decide the motion based solely on the pleading of the cause of action."  TEX. R. CIV. P. 91a.6.  Second, once the trial court has ruled on the motion, thereby determining which party is the prevailing party, the trial court must award costs and reasonable and necessary attorney's fees to the prevailing party.  *See* TEX. R. CIV. P. 91a.7.  The trial court must consider evidence regarding costs and fees when determining this award.  *Id.*  The rule only requires that the trial court grant or deny the motion to dismiss within forty-five days of the motion

being filed. The rule does not require it also rule on the attorney's fee issue or that evidence of attorney's fees be submitted within forty-five days of the motion being filed.

A rule requiring evidence of attorney's fees be submitted before the trial court issues its order would be wasteful. Because only the prevailing party is entitled to fees, and which party will prevail is unknown until the trial court issues its order, accepting appellant's argument would effectively require all parties to submit evidence of their costs and fees to the trial court before it is known which party prevailed on the motion. This approach would needlessly increase costs of litigation and filings with the trial court. Appellant's argument is not supported by the plain language of the rule. To the extent appellant argues appellees were required to offer evidence of their fees within forty-five days of filing their motion to dismiss, we overrule appellant's second issue.

In their single cross-issue, appellees assert the trial court erred by failing to award *appellate* attorney's fees. The award of attorney's fees under rule 91a.7 includes recovery for reasonable and necessary appellate attorney's fees as to the claims on which a party prevails. *Weizhong Zheng*, 468 S.W.3d at 188; *see also Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015) ("If trial attorney's fees are mandatory under section 38.001, then appellate attorney's fees are also mandatory when proof of reasonable fees is presented."). "Whether a party prevails turns on whether the party prevails upon the court to award it something, either monetary or equitable." *Ventling*, 466 S.W.3d at 154 (applying civil practice and remedies code section 38.001); *see also Goldman v. Olmstead*, 414 S.W.3d 346, 367 (Tex. App.—Dallas 2013, pet. denied) ("A prevailing party is the party who successfully prosecutes a cause of action or defends against it.").

In light of our disposition of appellant's first issue, we conclude each party prevailed on a portion of appellees' motion to dismiss. Appellant defeated the motion to dismiss his petition for

–12–

an equitable bill of review. In the trial court, appellees obtained dismissal of appellant's petition for a statutory bill of review and we affirm that portion of the trial court's order.

Because each party prevailed on a portion of appellees' motion to dismiss, we reverse the trial court's award of attorney's fees to appellees and remand the issue of attorney's fees to the trial court for further consideration in light of this opinion. We sustain appellant's second issue and appellees' cross-issue to this extent.

CONCLUSION

We affirm the trial court's judgment and order granting appellees' motion to dismiss appellant's petition for a statutory bill of review. We reverse the trial court's judgment and order granting appellees' motion to dismiss appellant's petition for an equitable bill of review. We reverse the trial court's judgment awarding attorney's fees to appellees. We remand this cause for further proceedings consistent with this opinion.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

161161F.P05

–13–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROBERT THOMAS, A TRUSTEE OF
THE ROBERT K. THOMAS TRUST, THE
TABATHA D. THOMAS EXEMPT
TRUST, THE TABATHA D. THOMAS
GST-EXEMPT TRUST A, THE ROBERT
T. THOMAS EXEMPT TRUST, THE
ROBERT T. THOMAS GST-EXEMPT
TRUST A, THE TIERNEY G. THOMAS
EXEMPT TRUST, THE TIERNEY G.
THOMAS GST-EXEMPT TRUST A, THE
TYLER J. THOMAS EXEMPT TRUST,
AND THE TYLER J. THOMAS GST-
EXEMPT TRUST A, Appellant

No. 05-16-01161-CV　　　V.

462 THOMAS FAMILY PROPERTIES,
LP, 462 THOMAS FAMILY
PROPERTIES MANAGEMENT, LLC,
DONALD T. CONLON, ROBYN
THOMAS CONLON, INDIVIDUALLY,
AS EXECUTOR OF THE ESTATE OF
HOWARD GILLIS THOMAS,
DECEASED, AND AS TRUSTEE OF
THE ROBYN THOMAS CONLON
TRUST, THE KEVIN T. CONLON
EXEMPT TRUST, KEVIN T. CONLON
GST-EXEMPT TRUST A, THE PATRICK
C. CONLON EXEMPT TRUST, THE
PATRICK C. CONLON GST EXEMPT
TRUST A, THE WILLIAM K. CONLON
EXEMPT TRUST, AND THE WILLIAM
K. CONLON GST-EXEMPT TRUST A,
Appellees

On Appeal from the Probate Court No. 2,
Dallas County, Texas
Trial Court Cause No. PR-16-01660-2.
Opinion delivered by Justice Stoddart.
Justices Lang-Miers and Fillmore
participating.

–14–

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **AFFIRM** that portion of the trial court's judgment dismissing appellant's petition for a statutory bill of review. We **REVERSE** that portion of the trial court's judgment dismissing appellant's petition for an equitable bill of review and the trial court's award of attorney's fees to appellees. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 2nd day of August, 2018.