**REVERSE and REMAND and Opinion Filed July 16, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00835-CV**

**BRANDON DODD, Appellant**
**V.**
**VISHAL PATEL, M.D., Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-03603-B**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Goldstein

Brandon Dodd appeals the trial court's judgment dismissing his claims against Vishal Patel, M.D. and awarding Patel attorney's fees. In two issues, Dodd complains the trial court erred in dismissing his claims under rule 91a and awarding Patel attorney's fees. We reverse the trial court's order granting Patel's 91a motion to dismiss and the order granting Patel's motion for application of attorney's fees and remand for further proceedings.

## BACKGROUND

By April 2021, Dodd had filed a second amended petition in this case naming Patel, University Behavioral Health of Denton (UBH), and Saumil Mehta, M.D., as defendants. The petition alleged Dodd, an eighteen-year-old high school student, was admitted to UBH on the afternoon of May 8, 2020, "in a confused and psychotic state." The next day at approximately 10:00 p.m., Dodd "presented to the nurse's desk, complaining of nausea and exhibiting psychotic symptoms, then fell to the floor striking his head." Although "neuro-checks were ordered by a nurse-practitioner every two hours, they were not performed." Dodd was ultimately "ordered to be transferred to the emergency room of a nearby hospital for dehydration, fever, starvation, and altered mental status," but his "history of a traumatic head injury and fall were not disclosed to the transferee hospital." Due to ensuing delays in diagnosis and treatment of Dodd's "traumatic brain injury," Dodd suffered "life-altering and lifelong injuries."

Dodd alleged Patel owed him a duty to timely diagnose his brain injury, ensure that his transfer to a hospital for treatment was "done in a timely and competent manner," and ensure information pertinent to Dodd's treatment was "timely communicated before and/or with" Dodd's transfer. Dodd alleged Patel was negligent in failing to timely diagnose his brain injury and failing to ensure that Dodd was timely transferred to a hospital equipped to handle traumatic injury, ensure that

accurate information was included in the transfer record, and provide a plan of care for Dodd while awaiting transfer.

In June 2021, Patel filed his original answer to Dodd's second amended petition and motion to dismiss. The motion to dismiss included Patel's verified denial stating that Patel worked a "two-week on, two-week off schedule" at UBH, all of the occurrences Dodd alleged took place "during a two-week off period" in Patel's schedule, Patel never treated or saw Dodd, no patient-physician relationship existed between Dodd and Patel, Patel owed no duty to Dodd, and Patel's inclusion as a party via vicarious liability or respondeat superior [was] a defect." Based on these allegations, Patel requested dismissal of Dodd's claims against him pursuant to rule 91a of the rules of civil procedure. Patel's motion to dismiss was supported by an attached affidavit stating that he worked a schedule of "two-weeks on followed by two-weeks off" at UBH, he did not employ or control any other member of the UBH staff, and Dodd's time at UBH was during one of Patel's "scheduled two-week off periods," and Patel "never saw nor treated" Dodd.

In October 2021, the trial court signed an order granting Patel's motion to dismiss and providing that Patel would be awarded attorney's fees, but the court did not "have an affidavit regarding such fees." The order directed Patel to submit "such evidence" within ten days, gave Dodd ten days thereafter to respond or object, and stated the court would then "rule on submission or set an additional hearing as

needed." The trial court thereafter signed an order granting Patel's motion for application of attorney's fees and awarded fees totaling $12,062.10.

Not until May 2023 did the trial court grant Patel's motion to sever Dodd's claims against Patel. In June 2023, Dodd filed a motion for new trial[1] that was overruled by operation of law. On August 23, 2023, Dodd filed his notice of appeal.

**ANALYSIS**

In his first issue, Dodd argues the trial court "may not consider extraneous evidence attached as an exhibit to a defendant's pleading, such as an affidavit, when ruling on a motion to dismiss because the pleading of a cause of action is the only pleading to be considered pursuant to Rule 91a." Based on this argument, Dodd asks us to reverse the trial court's judgment granting Patel's motion to dismiss and the order granting Patel's motion for application of attorney's fees and remand for further proceedings.

Texas Rule of Civil Procedure 91a provides in part as follows:

91a.1 Motion and Grounds. Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

91a.2 Contents of Motion. A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is

---

[1] Also in June 2023, Dodd filed his third amended petition. Despite the granting of Patel's motion to dismiss, the third amended petition maintained Dodd's negligence claims against Patel.

–4–

addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.

....

91a.6 Hearing; No Evidence Considered. Each party is entitled to at least 14 days' notice of the hearing on the motion to dismiss. The court may, but is not required to, conduct an oral hearing on the motion. Except as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59.

TEX. R. CIV. P. 91a.1, .2, .6.

### 1. Standard of Review

We review the merits of a rule 91a ruling de novo. *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021); *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding); *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

Rule 91a provides a harsh remedy and should be strictly construed. *Davis v. Homeowners of Am. Ins. Co.*, No. 05-21-00092-CV, 2023 WL 3735115, at *2 (Tex. App.—Dallas May 31, 2023, no pet.); *Renate Nixdorf GmbH & Co. KG v. TRA Midland Props., LLC*, No. 05-17-00577-CV, 2019 WL 92038, at *10 (Tex. App.—Dallas Jan. 3, 2019, pet. denied) (mem. op.); *In re RNDC Tex., LLC*, No. 05-18-00555-CV, 2018 WL 2773262, at *1 (Tex. App.—Dallas June 11, 2018, orig. proceeding) (mem. op.). The rule is not a substitute for special exception practice under rule 91 or summary judgment practice under rule 166a, both of which come with protective features against precipitate summary dispositions on the merits.

*Davis*, 2023 WL 3735115, at \*2; *Royale v. Knightvest Mgmt., LLC*, No. 05-18-00908-CV, 2019 WL 4126600, at \*4 (Tex. App.—Dallas Aug. 30, 2019, no pet.) (mem. op.).

When an order granting a rule 91a motion to dismiss does not specify the grounds for dismissal, an appellant seeking reversal of a rule 91a dismissal must negate the validity of each ground on which the trial court could have relied in granting the dismissal. *Davis*, 2023 WL 3735115, at \*2; *Buholtz v. Gibbs*, No. 05-18-00957-CV, 2019 WL 3940973, at \*3 (Tex. App.—Dallas Aug. 21, 2019, pet. denied) (mem. op.).

### 2. No Basis in Law – No Basis in Fact

A cause of action has no basis in fact "if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1. The "no basis in fact" prong of rule 91a.1 relates to the believability of the facts alleged by a plaintiff in pleading a cause of action and, thus, seldom rises to a point of contention in the case law. *Davis*, 2023 WL 3735115, at \*2. The supreme court has acknowledged that the "no basis in fact" prong is a "factual plausibility standard." *Sanchez*, 494 S.W.3d at 724.

A cause of action alleged by a claimant has no basis in law "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. At the outset, in assessing whether the non-movant's pleading has no basis in law, we apply a fair-notice pleading standard to determine whether the allegations of the petition are sufficient

to allege a cause of action. *Thomas v. 462 Thomas Fam. Props., LP*, 559 S.W.3d 634, 639 (Tex. App.—Dallas 2018, pet. denied). In *Thomas*, we stated:

> Our procedural rules merely require that the pleadings provide fair notice of the claim and the relief sought such that the opposing party can prepare a defense. A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. Even the omission of an element is not fatal if the cause of action may be reasonably inferred from what is specifically stated. Under this standard, courts assess whether an opposing party can ascertain from the pleading the nature of the controversy, its basic issues, and the type of evidence that might be relevant.

*Id.* at 639–40.

When applying the fair-notice pleading standard to our review in a rule 91a context, "we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *In re RNDC Tex., LLC*, 2018 WL 2773262, at *1. "[I]f nothing in the pleading itself triggers a clear legal bar to the claim, then there is a basis in law and the motion should be denied." *Id.*

In ruling on the rule 91a motion, except as required by rule 91a.7—which does not apply here—a court may not consider evidence and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by rule 59. TEX. R. CIV. P. 91a.6; *Davis*, 2023 WL 3735115, at *5; *see Bethel*, 595 S.W.3d 651 at 656 (noting rule 91a.6 expressly limits court's consideration to the pleading of the cause of action with a "narrow class of exhibits" and stating "[r]ule 91a limits the scope of a court's factual, but not legal, inquiry").

While a movant may raise an affirmative defense as the basis for its argument that the non-movant's claims have no basis in law and, therefore, should be dismissed under rule 91a, the factual inquiry that follows is restricted to reviewing the non-movant's pleading and any rule 59 exhibits that may be attached to and incorporated therein. *Davis*, 2023 WL 3735115, at *5. In deciding whether the non-movant's claims enjoy no basis in law, the court may not resort to evidence proffered by the movant, such as through affidavits, transcribed testimony, or documents. *Id.*

### 3. Four Corners of Live Pleading

Here, we limit our review to the four corners of the live pleading, the second amended petition.[2] *See* TEX. R. CIV. P. 91a.6. A de novo, four-corners review shows that all of Dodd's causes of action have a basis in law as well as a basis in fact under the 91a standard.

Patel argues Dodd's claims had no basis in fact because Dodd's factual pleadings "in four separate Petitions" do not mention Patel. Patel argues Dodd's claims had no basis in law because Patel "cannot owe a physician/patient duty when it is not even alleged that [Patel] cared for the patient." In making these arguments, Patel insists that the exhibits attached to his verified denial "are allowed to be considered when ruling on a Motion to Dismiss, as stated in Rule 91(a)(6)," without strictly construing the express language of rule 91a.6 or the rules regarding

---

[2] The third amended petition, filed after the trial court granted the motion to dismiss, is not the live pleading for purposes of our analysis.

–8–

permissible exhibits under Texas Rule of Civil Procedure 59. Therefore, we decline Patel's invitation to conflate special exception practice or summary judgment practice with a 91a motion to dismiss. The trial court may not consider evidence proffered by the 91a movant, such as affidavits like the one Patel attached to his verified denial. *See id.* Rule 91a is not the appropriate vehicle when the rules provide other remedies short of dismissal to address the form or substance of pleadings or permit consideration of evidence such as that offered by Patel.[3]

A review of Dodd's second amended petition discloses no basis to conclude that no reasonable person could believe the facts pleaded. *See* Tex. R. Civ. P. 91a.1. Thus, it was error for the trial court to grant the motion on the ground that Dodd's claims had no basis in fact. Further, a review of Dodd's pleadings alone does not show that Dodd's claims - undisputed legally cognizable causes of action - against Patel had no basis in law. Nothing within Dodd's pleading itself triggers a clear legal bar to his claims nor negates legal entitlement; therefore, the trial court erred in granting the rule 91a motion on this basis. *See Davis*, 2023 WL 3735115, at *7; *see also Long v. Long*, 681 S.W.3d 805, 817–818 (Tex. App.—Dallas 2023, no pet.). Thus, we conclude the trial court erred in granting Patel's 91a motion to dismiss.

---

[3] Patel argues that his name is absent from the "Facts" section of the second amended petition, which reveals a lack of the physician-patient relationship needed to impose a duty on Patel. Construing the pleadings liberally in favor of Dodd as we must, Dodd's facts generally allege that "Defendants" – which would necessarily include Patel – informed the receiving hospital of Dodd's fall later than it should have, thereby delaying necessary treatment and injuring Dodd. To the extent Patel believes clarity of his role is lacking, such is fodder for special exception practice rather than a 91a motion.

Because Patel's application for attorney's fees was made pursuant to his status as a prevailing party under rule 91a, the award of attorney's fees was likewise error. We sustain Dodd's first issue. Because of our disposition of Dodd's first issue, we need not address his second issue challenging the evidence to support the trial court's award of attorney's fees.

We reverse the trial court's order granting Patel's 91a motion to dismiss and the order granting Patel's motion for application of attorney's fees and remand for further proceedings.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

230835F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRANDON DODD, Appellant

No. 05-23-00835-CV      V.

VISHAL PATEL, M.D., Appellee

On Appeal from the County Court at Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-23-03603-B.
Opinion delivered by Justice Goldstein. Justices Reichek and Garcia participating.

In accordance with this Court's opinion of this date, the trial court's order granting Vishal Patel, M.D.'s 91a motion to dismiss and the order granting Vishal Patel, M.D.'s motion for application of attorney's fees are **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings.

It is **ORDERED** that appellant BRANDON DODD recover his costs of this appeal from appellee VISHAL PATEL, M.D.

Judgment entered this 16th day of July 2024.

–11–