**Conditionally Grant and Opinion Filed November 22, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-01041-CV

### IN RE NICHOLAS SCHRANDT, Relator

**Original Proceeding from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-24-00601**

## MEMORANDUM OPINION
Before Justices Molberg, Carlyle, and Breedlove
Opinion by Justice Molberg

In this original proceeding, relator Nicholas Schrandt—a founder and former chief financial officer (CFO) for real party in interest E3 Energy Solution Co. (E3)—seeks a writ of mandamus for the respondent trial judge's alleged abuse of discretion in granting E3's rule 91a[1] motion to dismiss as to the advancement-related breach of contract claim included in count eleven of Schrandt's first amended petition, in which he alleges E3 has refused to pay him certain advancements he claims are owed under E3's bylaws. We conditionally grant Schrandt's petition because we conclude Schrandt has demonstrated his entitlement to mandamus relief as to that claim.

---

[1] *See* TEX. R. CIV. P. 91a.

# I. BACKGROUND

According to Schrandt's first amended petition, Schrandt, one of E3's three founders, served as CFO from approximately January 2020 to December 2023, a date when he claims he was ousted.

Schrandt sued E3 in January 2024, seeking recovery of backpay, unreimbursed expenses, and advances made to E3. Later, he amended his petition and added other defendants and claims,[2] including a breach of contract claim against E3 in which he alleged E3 failed to advance certain expenses as required under the indemnification provision in E3's bylaws (advancement claim). This advancement claim is in count eleven of Schrandt's first amended petition and is the subject of this proceeding. The pertinent portions of Schrandt's amended pleading as to that claim are included in our analysis below.

E3 and the other defendants filed a rule 91a motion to dismiss several of Schrandt's claims, including his advancement claim, alleging they "have no basis in law or fact." As to the advancement claim, E3 argued that Schrandt "does not, and cannot, plead sufficient facts entitling him to advancement of fees under the Company bylaws indemnification provision" because "Texas law requires a party seeking an advancement of fees under an indemnification provision to be *defending* against a proceeding—not *prosecuting* it."

---

[2] Schrandt also added claims against E3's other two founders, but those claims are not at issue here.

–2–

In other words, E3 argued the advancement claim must be dismissed because Schrandt "fail[ed] to demonstrate a viable, legally cognizable right to indemnification under Texas law" by "fail[ing] to plead sufficient facts showing that he is a respondent or defendant." As support for that argument, E3 cited *In re DeMattia*, 644 S.W.3d 225 (Tex. App.—Dallas 2022, orig. proceeding), *In re Aguilar*, 344 S.W.3d 41 (Tex. App.—El Paso 2011, orig. proceeding), and *Homestore, Inc. v. Tafeen*, 888 A.2d 204 (Del. 2005), which, as we discuss below, do not support E3's position.

Schrandt opposed the motion and argued he had pleaded a viable advancement claim because "advancement depends entirely on the language of the contract or bylaws" and he "sufficiently pleaded that [E3's] bylaws require advancement." As support, he cited, among other authorities, Texas Business Organizations Code § 8.105(a).[3]

---

[3] Section 8.105 states, in pertinent part:

(a) Notwithstanding any other provision of this chapter but subject to Section 8.003 and to the extent consistent with other law, an enterprise may indemnify and advance expenses to a person who is not a governing person . . . as provided by:

(1) the enterprise's governing documents;
(2) general or specific action of the enterprise's governing authority;
(3) resolution of the enterprise's owners or members;
(4) contract; or
(5) common law.

An associate judge granted E3's motion as to Schrandt's advancement claim on July 11, 2024, and, after a de novo hearing, respondent granted E3's motion on the advancement claim on August 15, 2024.[4]

This proceeding followed.

## II. ISSUES & ANALYSIS

In his mandamus petition, Schrandt argues respondent abused his discretion in dismissing Schrandt's advancement claim under rule 91a and that he lacks an adequate remedy by appeal. Schrandt does not argue that any of rule 91a's deadlines were not satisfied, so we assume for purposes of this proceeding that they were.[5]

Mandamus is an extraordinary remedy granted only when the relator shows the trial court abused its discretion[6] and that no adequate appellate remedy exists. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). As the relator, Schrandt bears the burden of proving these

---

[4] Respondent's August 15, 2024 order granted E3's motion as to certain claims and denied it as to others. We need not discuss other portions of that order because Schrandt's mandamus petition concerns only his advancement claim.

[5] A rule 91a motion must be "(a) filed within 60 days after the first pleading containing the challenged cause of action is served on the movant; (b) filed at least 21 days before the motion is heard; and (c) granted or denied within 45 days after the motion is filed." TEX. R. CIV. P. 91a.3(a)–(c). Any response to a rule 91a motion to dismiss "must be filed no later than 7 days before the date of the hearing." TEX. R. CIV. P. 91a.4.

[6] An abuse of discretion occurs when a trial judge's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). Similarly, a trial judge abuses his or her discretion when he or she fails to analyze or apply the law correctly. *Id.*

two requirements. *See id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).

## A. Abuse of Discretion in Granting Rule 91a Motion

Except in certain circumstances not applicable here, rule 91a allows a party to move to dismiss a cause of action on the grounds that it has no basis in law or fact. *See* TEX. R. CIV. P. 91a.1. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *Id.* A cause of action has no basis in fact if no reasonable person could believe the facts pleaded. *Id.*

We review the merits of a rule 91a ruling de novo. *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding). Whether a defendant is entitled to dismissal under the facts alleged is a legal question. *Id.*

Rule 91a provides a harsh remedy and should be strictly construed. *Long v. Long*, 681 S.W.3d 805, 816 (Tex. App.—Dallas 2023, no pet.); *Davis v. Homeowners of Am. Ins. Co.*, No. 05-21-00092-CV, 2023 WL 3735115, at *2 (Tex. App.—Dallas May 31, 2023, no pet.); *Renate Nixdorf GmbH & Co. KG v. TRA Midland Props., LLC*, No. 05-17-00577-CV, 2019 WL 92038, at *10 (Tex. App.—Dallas Jan. 3, 2019, pet. denied) (mem. op.); *In re RNDC Tex., LLC*, No. 05-18-00555-CV, 2018 WL 2773262, at *1 (Tex. App.—Dallas June 11, 2018, orig. proceeding) (mem. op.). The rule is not a substitute for special exception practice under rule 91 or summary judgment practice under rule 166a, both of which come

with protective features against precipitate summary dispositions on the merits. *Long*, 681 S.W.3d at 816; *Davis*, 2023 WL 3735115, at \*2; *Royale v. Knightvest Mgmt., LLC*, No. 05-18-00908-CV, 2019 WL 4126600, at \*4 (Tex. App.—Dallas Aug. 30, 2019, no pet.) (mem. op.).

To determine whether dismissal under rule 91a is required, we apply the fair-notice pleading standard applicable in Texas to determine whether the allegations of the petition are sufficient to allege a cause of action. *Thomas v. 462 Thomas Fam. Props., LP*, 559 S.W.3d 634, 639 (Tex. App.—Dallas 2018, pet. denied). Under this standard, "we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *In re RNDC Tex., LLC*, 2018 WL 2773262, at \*1.

Except as required by rule 91a.7,[7] the trial court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by rule 59. TEX. R. CIV. P. 91a.6.

In this case, as Schrandt argued in his response to E3's rule 91a motion, his pleadings allege an advancement claim based on E3's bylaws.[8] To the extent

---

[7] *See* TEX. R. CIV. P. 91a.7 (stating, in part, "Any award of costs or fees must be based on evidence.").

[8] Pertinent allegations regarding Schrandt's advancement claim are included in paragraphs twenty-one through twenty-five and ninety-seven through one hundred in his first amended petition. Schrandt also alleges all conditions precedent to his causes of action have occurred, been satisfied, or been waived.

–6–

respondent concluded Schrandt's advancement claim has no basis in fact, we disagree, because we cannot conclude that no reasonable person could believe the facts Schrandt pleaded, as required by the rule. *See* TEX. R. CIV. P. 91a.1.[9]

We also cannot conclude that Schrandt's advancement claim has no basis in law because, when taking Schrandt's allegations as true, together with inferences reasonably drawn from them, we find nothing in Schrandt's pleading to indicate that Schrandt is not entitled to the relief he seeks. *See id*.; *In re RNDC Tex., LLC*, 2018 WL 2773262, at *1 ("[I]f nothing in the pleading itself triggers a clear legal bar to the claim, then there is a basis in law and the motion should be denied."); *Thomas*, 559 S.W.3d at 639–40 (stating that, under the fair-notice pleading standard, "[C]ourts assess whether an opposing party can ascertain . . . the nature of the controversy, its basic issues, and the type of evidence that might be relevant.").

In its rule 91a motion, E3 maintained that Schrandt's advancement claim must be dismissed because he had not and could not plead sufficient facts showing that he is a respondent or defendant, thereby arguing, in essence, that entitlement to advancement depends, as a matter of law, on whether the party seeking advancement is a plaintiff or a defendant. But the three cases E3 cited as support for that argument do not support its position, as none of the cases involved a rule 91a dismissal or any

---

[9] The "no basis in fact" prong of rule 91a.1 relates to the believability of the facts alleged by a plaintiff in pleading a cause of action and, thus, seldom rises to a point of contention in the case law. *Davis*, 2023 WL 3735115, at *2. The supreme court has acknowledged that the "no basis in fact" prong is a "factual plausibility standard." *City of Dall. v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

question of whether a party initiating a proceeding was precluded, as a matter of law, from prevailing on an advancement claim.[10]

Moreover, E3's bylaws do not support E3's position either, because as alleged in Schrandt's pleading, the bylaws do not condition entitlement to advancement on whether a party did or did not initiate a suit, or even on whether a suit is pending at all. Instead, as Schrandt alleges, the bylaws provide that E3 "shall indemnify *any person who was or is a party or is threatened to be made a party to any threatened, pending, or completed action or other proceeding . . . or any inquiry or investigation that could lead to such an action or proceeding by reason of the fact that the person (1) is or was a director or officer of the Corporation . . .*" against all "judgments (including arbitration awards), court costs, penalties, settlements, fines, excise, and other similar taxes and reasonable attorneys' fees . . . actually incurred by the covered person in connection with such proceeding." [Emphasis added].

Thus, based on the applicable rule 91a standards and the mandamus record before us, we conclude Schrandt has demonstrated that respondent abused his

---

[10] *See In re DeMattia*, 644 S.W.3d at 229 (describing legal dispute in terms of whether an advancement provision applied to former LLC members, not in terms of whether the party seeking advancement was a plaintiff or defendant or had initiated the suit); *In re Aguilar*, 344 S.W.3d at 45 (describing legal dispute in terms of whether entitlement to advancement turned on whether the party seeking advancement had met standard necessary for indemnification under the company's bylaws and whether that party would have the ability to repay the advanced funds, not in terms of whether the party seeking advancement was a plaintiff or defendant or had initiated the suit); *Tafeen*, 888 A.2d at 211–14 (concluding a party's costs were within the scope of coverage provided by a mandatory and unconditional advancement bylaw because the expenses were incurred by a party to the proceeding by reason of the fact that he was a former officer, without considering whether the party seeking advancement was a plaintiff or a defendant).

discretion in granting E3's rule 91a motion to dismiss on Schrandt's advancement-related breach of contract claim in count eleven of his first amended petition.

### B.    No Adequate Remedy by Appeal

Next, we consider whether Schrandt lacks an adequate remedy by appeal. Schrandt argues that he does because his request for advancement will become moot at the conclusion of the litigation. He contends that defending against and responding to E3's allegations of misconduct and alleged overpayments in the underlying suit will deplete his personal financial resources and that his finances will impact key decisions and strategies to litigate E3's allegations. Schrandt cites *In re DeMattia*, 644 S.W.3d at 235, as support.

Even though *In re DeMattia* is not a rule 91a case, we find it persuasive in this context, as it involved, as this case does, both an advancement claim and a question regarding the adequacy of an appellate remedy in a mandamus proceeding. *Id*. There, we granted mandamus relief and compelled the respondent in that case to vacate an order denying a relator's motion for summary judgment on his own counterclaim for breach of contract and for advancement of his litigation expenses. *Id*.

Generally, mandamus relief is not available when a trial court denies a summary judgment motion, regardless of the merits of the motion. *In re Jennings*, No. 05-22-00804-CV, 2022 WL 3655225, at *1 (Tex. App.—Dallas Aug. 25, 2022, orig. proceeding) (mem. op.). Only extraordinary circumstances will justify granting

mandamus relief when a trial court erroneously denies a motion for summary judgment. *Id*.

But in *DeMattia*, we held that "in the context of the denial of a right of advancement, there is no adequate remedy by appeal." *Id*. We explained, "By its very nature, the right to advancement of expenses can be satisfied only during the course of the trial court proceedings," and we noted that an "advancement claim would effectively be moot at the conclusion of the case" and that "[m]andamus is the appropriate relief to correct an order denying advancement of a claimant's fees because the act of proceeding to trial without an advancement would defeat the substantive right at stake." *Id*.

We see no reason why the same is not true here, where respondent not only denied advancement of a claimant's fees but dismissed the advancement claim with prejudice. As was true in *In re DeMattia*, the effect of the respondent's abuse of discretion defeated the substantive right at stake. *Id*.

We conclude Schrandt demonstrated he lacks an adequate remedy by appeal.

### III. CONCLUSION

We conditionally grant Schrandt's petition and instruct respondent to vacate the portions of the associate judge's July 11, 2024 order and respondent's August 15, 2024 order dismissing with prejudice the advancement-related breach of contract claim asserted in count eleven of Schrandt's first amended petition.

We also order respondent to file with this Court, within fourteen days of the date of this order, a copy of the order issued by respondent in compliance with this order. The writ will issue only if respondent refuses to comply.


241041f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE